Nos. 21-13104, 21-13444

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

STATE OF ALABAMA, et al.,

*Plaintiff-Appellant*,

v.

UNITED STATES ARMY CORPS OF ENGINEERS, et al.,

*Defendant-Appellees*.

On appeal from the United States District Court for the Northern District of Georgia, Civil Action No. 1:18-mi-00043-TWT
(Hon. Thomas W. Thrash, Jr.)

## JOINT MOTION TO

## HOLD APPEAL IN ABEYANCE

TODD KIM
*Assistant Attorney General*

MICHAEL T. GRAY
*Attorney*
Environment and Natural Resources
Division
U.S. Department of Justice
701 San Marco Blvd.
Jacksonville, FL 32207
(202) 532-3147
michael.gray2@usdoj.gov

*Counsel for the Federal Appellees*

Lewis B. Jones
John L. Fortuna

JONES FORTUNA LP
111 New Street, Suite A
Decatur, GA 30030
(404) 850-3835
ljones@jonesfortuna.com
jfortuna@jonesfortuna.com

*Counsel for Intervenor-Appellees the Atlanta Regional Commission, City of Atlanta, Cobb County-Marietta Water Authority, DeKalb County, Forsyth County, Fulton County, City of Gainesville, and Gwinnett County*

*Additional counsel on following pages

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

CHRISTOPHER M. CARR
Attorney General of Georgia
GA Bar No. 112505

Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 656-3300
ccarr@law.ga.gov

SHELLY JACOBS ELLERHORST
Special Assistant Attorney General
GA Bar No. 243743

JOHN C. ALLEN
Special Assistant Attorney General
GA Bar No. 159073

KAZMAREK MOWREY CLOUD LASETER LLP
1230 Peachtree Street, NE
Suite 900
Atlanta, Georgia 30309
(404) 812-0839
sellerhorst@kmcllaw.com
jallen@kmcllaw.com

CRAIG S. PRIMIS
Special Assistant Attorney General
D.C. Bar No. 454796

K. WINN ALLEN
Special Assistant Attorney General
GA Bar No. 235645

KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
craig.primis@kirkland.com
winn.allen@kirkland.com

*Counsel for Intervenor-Appellee the State of Georgia*

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

John C. Neiman, Jr.
Brandt P. Hill

MAYNARD NEXSEN P.C.
1901 Sixth Avenue N.
Suite 1700
Birmingham, AL 35203
(205) 254-1000
jneiman@maynardnexsen.com
bhill@maynardnexsen.com

Stephen T. LaBriola

FELLOWS LABRIOLA LLP
Suite 2400, Harris Tower,
Peachtree Center
233 Peachtree St., N.E.
Atlanta, GA 30303
(404) 586-9200
slabriola@fellab.com

*Counsel for Appellant the State of Alabama*

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, the undersigned counsel certify the following persons or entities have been associated with or have an interest in the outcome of this case:

1. Allen, John C. (Attorney for Appellee / Intervenor State of Georgia)

2. Allen, Kenneth W. (Attorney for Appellee / Intervenor State of Georgia)

3. Andre, Abigail (Attorney for Amici Curiae Apalachee Audubon Society and Ocean Conservancy, St. George Island Civic Club and Plantation Owners, Robert Graham, Gwendolyn Graham, Calhoun County, Franklin County, Liberty County, Jackson County, Florida Coastal Conservation Association, Trip Aukeman, Albert Bryant, Shannon Hartsfield, Lynn Martina, Kevin Martina, Carmen McLemore, Daniel Taunton, Richard Bickel, Thomas Ward, and City of Apalachicola, Florida)

4. Apalachee Audubon Society and Ocean Conservancy (Amicus Curiae in District Court)

5. Apalachicola Bay and River Keeper (Plaintiff in District Court)

6. Atlanta Regional Commission (Appellee / Intervenor)

7. Aukeman, Trip (Amicus Curiae in District Court)

8. Bickel, Richard (Amicus Curiae in District Court)

9. Boies Schiller Flexner LLP (Attorneys for Amicus Curiae Robert Graham)

10. Bryant, Albert (Amicus Curiae in District Court)

11. Calhoun County, Florida (Amicus Curiae in District Court)

12. Carr, Christopher M. (Attorney for Appellee / Intervenor State of Georgia)

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

13. Chapman, Jeremy J. (District Commander for Mobile District of the U.S. Army Corps of Engineers)

14. City of Apalachicola, Florida (Amicus Curiae in District Court)

15. City of Atlanta, Georgia (Appellee / Intervenor)

16. City of Gainesville, Georgia (Appellee / Intervenor)

17. Cobb-County Marietta Water Authority (Appellee / Intervenor)

18. Coe, Alisa (Attorney for Plaintiffs National Wildlife Federation, Florida Wildlife Federation, and Apalachicola Bay and River Keeper)

19. DeKalb County (Appellee / Intervenor)

20. DeLapp, James A. (Appellee)

21. Drumm, Starr T. (Attorney for Appellant)

22. Dycus, John P. (Attorney for Plaintiffs National Wildlife Federation, Florida Wildlife Federation, and Apalachicola Bay and River Keeper)

23. Earthjustice Legal Defense Fund, Inc. (Law firm representing National Wildlife Federation, Inc., Florida Wildlife Federation, and Apalachicola Bay and River Keeper, Inc.)

24. Ellerhorst, Shelly Jacobs. (Attorney for Appellee / Intervenor State of Georgia)

25. Fellows LaBriola, LLP (Attorneys for Appellant)

26. Florida Coastal Conservation Association (Amicus Curiae in District Court)

27. Florida Wildlife Federation (Plaintiff in District Court)

28. Forsyth County (Appellee / Intervenor)

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

29. Fortuna, John L. (Attorney for Appellees / Intervenors Atlanta Regional Commission, Cobb County-Marietta Water Authority, DeKalb County, Forsyth County, Fulton County, Gwinnett County, City of Atlanta, Georgia, and City of Gainesville, Georgia)

30. Franklin County, Florida (Amicus Curiae in District Court)

31. Fulton County (Appellee / Intervenor)

32. Galloni, Tania (Attorney for Plaintiffs National Wildlife Federation, Florida Wildlife Federation, Apalachicola Bay and River Keeper)

33. Gormley, Neil E. (Attorney for Plaintiffs National Wildlife Federation, Florida Wildlife Federation, Apalachicola Bay and River Keeper)

34. Gwendolyn Graham (Amicus Curiae in District Court)

35. Graham, Robert (Amicus Curiae in District Court)

36. Gray, Michael (Attorney for Appellee Federal Defendants)

37. Gretchen, Michael C. (Attorney for Appellant)

38. Gwinnett County (Appellee / Intervenor)

39. Hartsfield, Shannon (Amicus Curiae in District Court)

40. Hill, Brandt P. (Attorney for Appellant)

41. Jackson County, Florida (Amicus Curiae in District Court)

42. Jon L. Schwartz, Attorney at Law, P.C. (Law firm representing Robert Graham and Gwendolyn Graham, Amici in District Court Action)

43. Jones, Lewis B. (Attorney for Appellees / Intervenors Atlanta Regional Commission, Cobb County-Marietta Water Authority, DeKalb County, Forsyth County, Fulton County, Gwinnett County, City of Atlanta, Georgia, and City of Gainesville, Georgia)

44. Jones Fortuna LP (Attorneys for Appellees / Intervenors Atlanta Regional Commission, Cobb County-Marietta Water Authority, DeKalb County, Forsyth

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

County, Fulton County, Gwinnett County, City of Atlanta, Georgia, and City of Gainesville, Georgia)

45. Kazmarek Mowrey Cloud Laseter LLP (Attorneys for Appellee / Intervenor State of Georgia)

46. Kelley, Jason E. (Division Commander for the South Atlantic Division of the U.S. Army Corps of Engineers)

47. Kirkland & Ellis LLP (Attorneys for Appellee / Intervenor State of Georgia)

48. Korte, Brett (Attorney for Amicus Curiae Robert Graham)

49. LaBriola, Stephen T. (Attorney for Appellant)

50. Lacour, Jr, Edmund G. (Attorney for Appellant)

51. Lamont, Douglas (Appellee)

52. Law Office of Barbara Sanders (Attorney for Amicus Curiae St. George Island Civic Club and Plantation Owners)

53. Liberty County, Florida (Amicus Curiae in District Court)

54. Malloy, Bonnie (Attorney for Plaintiffs National Wildlife Federation, Florida Wildlife Federation, and Apalachicola Bay and River Keeper)

55. Marshall, Steven (Attorney for Appellant)

56. Martina, Kevin (Amicus Curiae in District Court)

57. Martina, Lynn (Amicus Curiae in District Court)

58. Maynard Nexsen (Attorneys for Appellants)

59. McLemore, Carmen (Amicus Curiae in District Court)

60. Mills, Jon (Attorney for Amici Curiae Robert Graham and Gwendolyn Graham)

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

61. National Wildlife Federation (Plaintiff in District Court)

62. Neiman Jr., John C. (Attorney for Appellant)

63. Patton Dycas Law, LLC (Attorneys for Plaintiffs National Wildlife Federation, Florida Wildlife Federation, and Apalachicola Bay and River Keeper)

64. Pinkham, Jaime A. (Acting Assistant Secretary of the U.S. Army for Civil Works)

65. Connor, Michael L. (Assistant Secretary of the U.S. Army for Civil Works)

66. Primis, Craig S. (Attorney for Appellee / Intervenor State of Georgia)

67. Reichert, Christina I. (Attorney for Plaintiffs National Wildlife Federation, Florida Wildlife Federation, and Apalachicola Bay and River Keeper)

68. Roady, Stephen E. (Attorney for Amicus Curiae Apalachee Audubon Society and Ocean Conservancy)

69. Robinson-Dorn, Michael (Attorney for Amicus Curiae Robert Graham)

70. Sanders, Barbara (Attorney for Amicus Curiae St. George Island Civic Club and Plantation Owners)

71. Schifman, Reuben S. (Attorney for Appellee Federal Defendants)

72. Schwartz, Jonathan L. (Attorney for Amicus Curiae Robert Graham)

73. Semonite, Todd T. (Appellee)

74. Speer, Robert M. (Appellee)

75. Spellmon, Scott A. (Commander and Chief of Engineers of the U.S. Army Corps of Engineers)

76. St. George Island Civic Club and Plantation Owners (Amicus Curiae in District Court)

C-5

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

77. Stack & Associates, P.C. (Attorneys for Amici Curiae Apalachee Audubon Society and Ocean Conservancy and St. George Island Civic Club and Plantation Owners)

78. Stack, Donald J. (Attorney for Amici Curiae Apalachee Audubon Society and Ocean Conservancy and St. George Island Civic Club and Plantation Owners)

79. State of Alabama (Appellant)

80. State of Georgia (Appellee / Intervenor)

81. Sturm, Kimberly A. (Attorney for Amici Curiae Calhoun County, Franklin County, Liberty County, Jackson County, Florida Coastal Conservation Association, Trip Aukeman, Albert Bryant, Shannon Hartsfield, Lynn Martina, Kevin Martina, Carmen McLemore, Daniel Taunton, Richard Bickel, Thomas Ward, and City of Apalachicola, Florida)

82. Swider Berlin Shereff Friedman (Attorneys for Amicus Curiae Apalachee Audubon Society and Ocean Conservancy)

83. Swidler Berlin Shereff Friedman LLP (Law firm representing Apalachee Audubon Society and Ocean Conservancy, Amicus in District Court Action)

84. Taunton, Daniel (Amicus Curiae in District Court)

85. Thrash Jr, Thomas W. (United States District Judge for the Northern District of Georgia)

86. Turner, David C. (Appellee)

87. United States Army Corps of Engineers (Appellee)

88. United States Department of Justice, Environmental and Natural Resources Division (Representing Appellee Federal Defendants)

89. University of California Irvine Environmental Law Clinic (Representing Robert Graham and Gwendolyn Graham, Amici in District Court Action)

90. Vermont Law School Environmental Advocacy Clinic (Representing Calhoun County, Florida; Franklin County, Florida; Liberty County, Florida; Jackson County,

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

Florida; Florida Coastal Conservation Association; Trip Aukeman; Albert Bryant; Shannon Hartsfield; Lynn Martina; Kevin Martina; Carmen McLemore; Daniel Taunton; Richard Bickel; Thomas Ward, and City of Apalachicola, Amici in District Court Action)

91. Ward, Thomas (Amicus Curiae in District Court)

92. Weissman, P.C. (Attorneys for Amici Curiae Calhoun County, Franklin County, Liberty County, Jackson County, Florida Coastal Conservation Association, Trip Aukeman, Albert Bryant, Shannon Hartsfield, Lynn Martina, Kevin Martina, Carmen McLemore, Daniel Taunton, Richard Bickel, Thomas Ward, and City of Apalachicola, Florida)

93. Williams, Jean E. (Attorney for Appellee Federal Defendants)

94. Wormuth, Christine (Secretary of the United States Army Corps of Engineers)

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

## JOINT MOTION TO HOLD APPEAL IN ABEYANCE

Pursuant to Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rule 27-1, Plaintiff-Appellant the State of Alabama; the Federal Defendants-Appellees; Intervenor-Appellees the Atlanta Regional Commission, City of Atlanta, Georgia, Cobb County-Marietta Water Authority, DeKalb County, Forsyth County, Fulton County, City of Gainesville, Georgia, and Gwinnett County (the "Water Supply Providers"); and Intervenor-Appellee the State of Georgia (together with the Water Supply Providers, the "Georgia Parties"), respectfully request that the Court place the Appeal filed by the State of Alabama and all pending deadlines into abeyance while the U.S. Army Corps of Engineers ("Corps") evaluates certain proposed modifications to the Master Water Control Manual for the Apalachicola-Chattahoochee-Flint ("ACF") River Basin, which are set forth in the Stay Agreement attached as Exhibit 1.

As explained below, the proposed modifications to the Water Control Manual are the result of a mediated agreement reached between Alabama, the Corps, and the Georgia Parties. If the proposed modifications are adopted by the Corps following a public comment and environmental review process and waiting period discussed below, this agreement will resolve Alabama's claims concerning the Corps' management of the ACF Basin that are the subject of this appeal.

In support of this Motion, Alabama, the Federal Defendants, and the Georgia Parties state as follows:

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

This appeal concerns the Corps' management and operation of its reservoir system in the ACF River Basin, which has been the subject of nearly continuous controversy and litigation for more than thirty years. *See generally In re MDL-1824 Tri-State Water Rights Litig.*, 644 F.3d 1160 (11th Cir. 2011).

The current dispute centers on revisions to the Water Control Manual for the ACF Basin adopted in 2017, and a related water supply "storage contract" between the United States and the State of Georgia executed in 2021. Specifically, following a remand from this Court, *see id.*, the Senior Official Performing the Duties of the Assistant Secretary of the Army (Civil Works) signed a Record of Decision adopting an updated Master Water Control Manual for the Corps' ACF Basin Reservoirs (the "2017 Master Manual") and approving a reallocation of storage space in Lake Lanier to accommodate projected water supply needs in the metropolitan Atlanta area. *See generally* Record of Decision, Apalachicola-Chattahoochee-Flint River Basin Master Water Control Manual Update and Water Supply Storage Assessment, Alabama, Florida, and Georgia, *available at* https://www.sam.usace.army.mil/Missions/Planning-Environmental/ACF-Master-Water-Control-Manual-Update/ACF-Document-Library/ (last visited Dec. 6, 2023).

The State of Alabama, along with the National Wildlife Federation, Florida Wildlife Federation, and Apalachicola Bay and River Keeper (collectively, the "Environmental Plaintiffs"), filed separate challenges to the action in the U.S. District Court for the District of Columbia, which were transferred to the U.S. District Court for the Northern District of

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

Georgia, assigned to U.S. District Judge Thomas W. Thrash, Jr., and consolidated under the caption *In re ACF Basin Litigation,* Civil Action No. 1:18-mi-43 (N.D. Ga.).

By orders entered on May 5, 2020 and August 11, 2021, respectively, the district court granted judgment in favor of the Federal Defendants and the Georgia Parties on all claims asserted by Alabama and the Environmental Plaintiffs. *See In re ACF Basin Water Litig.*, 467 F. Supp. 3d 1323 (N.D. Ga. 2020) (granting partial judgment on the pleadings); *In re ACF Basin Water Litig.*, 554 F. Supp. 3d 1282 (N.D. Ga. 2021) (granting summary judgment on remaining claims). The State of Alabama and the Environmental Plaintiffs timely appealed to this Court, where the appeals were consolidated under Number 21-13104.

Since these appeals were docketed, the parties engaged in settlement discussions facilitated by the Eleventh Circuit Mediator. Alabama, the Federal Defendants, and the Georgia Parties (the "Moving Parties") are pleased to report they have reached an agreement that would resolve the claims asserted by the State of Alabama in this appeal. A copy of the Agreement is attached as Exhibit 1 to this Motion.

The Moving Parties ask for this appeal to be held in abeyance while the Corps evaluates certain negotiated "Flow Objectives" that have been agreed upon by Alabama and the Georgia Parties and decides whether the 2017 Master Manual should be revised to include them. Because the Corps cannot prejudge the outcome of that evaluation, and because the Corps has agreed to provide public notice and an opportunity to comment before adopting revisions to its 2017 Master Manual, see Ex. 1 at 3-4; *see also* Pub. L. 101-640,

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
Nos. 21-13104, 21-13444

Sec. 310(b); Water Control Management (ER 1110–2–240), 33 C.F.R. § 222.5(g)(2)(a), the

Moving Parties request that this appeal be held in abeyance pending conclusion of the Corps'

administrative process, which the Moving Parties estimate will require less than one year to

complete.

At the conclusion of the administrative process, the Corps will issue a final decision

either: (a) modifying the Master Water Control Manual for the ACF Basin to incorporate the

Flow Objectives; or (b) declining to adopt the Flow Objectives and electing instead to

maintain the 2017 Master Manual in its current form. Exhibit 1 at 3–5. If the Corps revises

the Water Control Manual to incorporate the Flow Objectives, Alabama will voluntarily

dismiss its appeal with prejudice upon the expiration of the end of an agreed-upon 1-year

waiting period, or upon the conclusion of any litigation filed by another party challenging

the Corps' decision; if the Corps declines to adopt the Flow Objectives, the Moving Parties

will notify the Court and jointly request that this Court lift the abeyance, freeing Alabama to

pursue its claims.  Exhibit 1 at 4–5.

Therefore, for good cause shown above, the Moving Parties jointly request the Court

hold Alabama's appeal in abeyance. The power to grant this abeyance is "inherent" to this

Court's power to control its docket. *Nken v. Holder*, 556 U.S. 418, 426 (2009); *cf. Georgia*

*ex. rel. Olens v. McCarthy*, 833 F.3d 1317, 1321 (11th Cir. 2016). As the D.C. Circuit aptly

explained:

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

> As a general matter, we may manage our docket as we see fit. We may hold cases in abeyance at the parties' request to afford an agency time to fulfill its settlement undertakings and perhaps thereby obviate the need to decide pending petitions for review. That is a power we regularly exercise. And rightly so. It is a cardinal virtue of Article III courts to avoid unnecessary decisions and to promote voluntary resolutions where appropriate.

*Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 70–71 (D.C. Cir. 2022) (further explaining that "we routinely stay our hand when parties identify developments that are likely to render judicial resolution unnecessary").

Holding Alabama's appeal in abeyance will not prejudice any party. The Corps has been operating without incident under the 2017 Master Manual since it was adopted. Continuing these operations while the Corps completes its review will simply maintain the status quo that has existed for the past six years. Finally, holding Alabama's appeal in abeyance is in the interests of justice. For decades, the sprawling dispute between Alabama, the Georgia Parties, and the Corps over the Corps' management of the ACF Basin has vexed the parties and occupied the attention of Courts throughout the Eleventh Circuit and in Washington, D.C. Granting the abeyance will facilitate the potential "negotiated resolution of challenges by the State of Alabama to the Corps 2017 Master Manual, avoid protracted litigation, and conserve the resources of the Court and Parties." Exhibit 1 at 2.

The Appellees did not reach an agreement as to the claims presented in the appeal filed by the Environmental Plaintiffs, which has been consolidated with Alabama's appeal under Number 21-13104. The Moving Parties have conferred with counsel for the

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

Environmental Plaintiffs regarding the relief requested in this motion. The Moving Parties report that Appellants National Wildlife Federation, Florida Wildlife Federation, and Apalachicola Bay and River Keeper, Appeal No. 21-13444 (consolidated with Appeal No. 21-13104), have no objection to staying the appeal filed by the State of Alabama, Appeal No. 21-13104, in light of the stay agreement reached as to the Alabama appeal. The National Wildlife Federation Appellants, who are not parties to the agreement, object to a stay of their appeal and will file a motion to sever, to which all parties have consented.

If the abeyance is granted, the Moving Parties will file a status report with the Court either upon resolution of the Corps' administrative process or within 150 days after entry of an order abating this appeal, whichever is earlier. If the Corps' administrative process has not concluded by that point, the Moving Parties will advise the Court of that fact and update the Court regarding the expected timeline for a decision by the Corps.

Respectfully submitted this 12th day of December, 2023.

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

*/s/ John L. Fortuna*

LEWIS B. JONES
 Georgia Bar No. 042498
JOHN L. FORTUNA
 Georgia Bar No. 43519

JONES FORTUNA LP
111 New Street, Suite A
Decatur, GA 30030
(404) 850-3835
ljones@jonesfortuna.com
jfortuna@jonesfortuna.com

*Counsel for Intervenor-Appellees the*
*Atlanta Regional Commission, City of*
*Atlanta, Cobb County-Marietta Water*
*Authority, DeKalb County, Forsyth County,*
*Fulton County, City of Gainesville, and*
*Gwinnett County*


CHRISTOPHER M. CARR
Attorney General of Georgia
GA Bar No. 112505

Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 656-3300
ccarr@law.ga.gov

*/s/ Michael T. Gray*

TODD KIM
Assistant Attorney General

MICHAEL T. GRAY
Attorney
Environment and Natural Resources
Division
U.S. Department of Justice
701 San Marco Blvd.
Jacksonville, FL 32207
(202) 532-3147
michael.gray2@usdoj.gov

*Counsel for the Federal Appellees*


*/s/ Shelly Jacobs Ellerhorst*

SHELLY JACOBS ELLERHORST
Special Assistant Attorney General
GA Bar No. 243743
JOHN C. ALLEN
Special Assistant Attorney General
GA Bar No. 159073
KAZMAREK MOWREY CLOUD LASETER LLP
1230 Peachtree Street, NE
Suite 900
Atlanta, Georgia 30309
(404) 812-0839
sellerhorst@kmcllaw.com
jallen@kmcllaw.com

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

CRAIG S. PRIMIS
Special Assistant Attorney General
D.C. Bar No. 454796

K. WINN ALLEN
Special Assistant Attorney General
GA Bar No. 235645

KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
craig.primis@kirkland.com
winn.allen@kirkland.com

*Counsel for Intervenor-Appellee the State of Georgia*

/s/ John C. Neiman, Jr.

John C. Neiman, Jr.                    Stephen T. LaBriola
Brandt P. Hill
                                       FELLOWS LABRIOLA LLP
MAYNARD NEXSEN P.C.                    Suite 2400, Harris Tower,
1901 Sixth Avenue N.                   Peachtree Center
Suite 1700                             233 Peachtree St., N.E.
Birmingham, AL 35203                   Atlanta, GA 30303
(205) 254-1000                         (404) 586-9200
jneiman@maynardnexsen.com              slabriola@fellab.com
bhill@maynardnexsen.com


*Counsel for Appellant the State of Alabama*

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

## CERTIFICATE OF COMPLIANCE WITH LENGTH LIMIT
## AND TYPEFACE AND TYPE-STYLE REQUIREMENTS

1.      This motion complies with the length limit of Fed. R. of App. P. 27(d)(2)(a) because the document was prepared using a computer and contains 1,428 words.

2.      This motion complies with the typeface and type-style requirements of Fed. R. of App. P. 27(d)(1)(E) and 11th Cir. R. 27-1(a)(1) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 for Business in 14-point Times New Roman font.

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

## CERTIFICATE OF SERVICE

Pursuant to Rule 25(c) of the Federal Rules of Appellate Procedure and 11th Circuit Rule 25-3(a), (f), I certify that on December 12, 2023, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system. All registered CM/ECF users will be served by the Court's CM/ECF system.

*/s/ John L. Fortuna*

*Counsel for Intervenor-Appellees the Atlanta Regional Commission, City of Atlanta, Cobb County-Marietta Water Authority, DeKalb County, Forsyth County, Fulton County, City of Gainesville, and Gwinnett County*

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*Nos. 21-13104, 21-13444*

# EXHIBIT 1

# STAY AGREEMENT

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*No. 21-13104*

## STAY AGREEMENT

This Agreement is entered into as of the Effective Date by and among the State of Alabama; the Federal Defendants (the U.S. Army Corps of Engineers; Christine E. Wormuth, Secretary of the Army, as successor to Robert M. Speer; Michael L. Connor, Assistant Secretary of the Army (Civil Works), as successor to Douglas Lamont; Lt. Gen. Scott A. Spellmon, Chief of Engineers; as successor to Maj. Gen. Todd T. Semonite; Brig. Gen. Daniel H. Hibner , Commander, South Atlantic Division, as successor to Brig. Gen. C. David Turner; Col. Jeremy J. Chapman, Commander, Mobile District, as successor to Col. James A. DeLapp); the Atlanta Regional Commission, City of Atlanta, Georgia, Cobb County-Marietta Water Authority, DeKalb County, Forsyth County, Fulton County, City of Gainesville, Georgia, and Gwinnett County (the "Water Supply Providers"); and the State of Georgia (together with the Water Supply Providers, the "Georgia Parties"), who are the parties in the appeal captioned *State of Alabama et al. v. U.S. Army Corps of Engineers, et al.*, Nos. 21-13104 and 21-13444 (11th Cir.) (collectively, the "Parties").

WHEREAS, the U.S. Army Corps of Engineers ("Corps") owns and operates a series of reservoirs in the Apalachicola-Chattahoochee-Flint ("ACF") River Basin;

WHEREAS, the Corps operates the ACF River Basin reservoirs pursuant to a Master Water Control Manual (the "ACF Master Manual"), which governs the operations of each reservoir and the reservoir system for their various authorized purposes;

WHEREAS, on March 17, 2017, the Senior Official Performing the Duties of the Assistant Secretary of the Army (Civil Works) signed a Record of Decision adopting an updated Master Water Control Manual (the "2017 ACF Master Manual") specifying the Corps' operations of the ACF River Basin reservoirs including operations to support water supply withdrawals from the Chattahoochee River below Buford Dam and a reallocation of storage space in Lake Lanier to support water supply withdrawals from Lake Lanier;

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*No. 21-13104*

WHEREAS, the State of Alabama challenged the Corps' adoption of the 2017 ACF Master Manual on multiple grounds;

WHEREAS, by orders dated May 5, 2020, and August 11, 2021, respectively, the United States District Court for the Northern District of Georgia granted judgment in favor of the Federal Defendants and the Georgia Parties on all claims asserted by the State of Alabama (*see In re ACF Basin Water Litig.*, 467 F. Supp. 3d 1323 (N.D. Ga. 2020); *In re ACF Basin Water Litig.*, 554 F. Supp. 3d 1282 (N.D. Ga. 2021));

WHEREAS, the State of Alabama timely appealed the district court's final judgment and all underlying orders and opinions to the United States Court of Appeals for the Eleventh Circuit, where its appeal was docketed as *State of Alabama v. United States Army Corps of Engineers, et al.*, No. 21-13104 (11th Cir.);

WHEREAS, the Parties have disputed the Federal Defendants' decisions about operating the ACF reservoirs for many years, resulting in many court cases, of which Alabama's current challenge to the 2017 ACF Master Manual is the latest;

WHEREAS, through mediation, the non-Federal Parties have agreed upon modifications (the "Flow Objective Alternative," defined below) to the 2017 ACF Master Manual that, if adopted and implemented by the Corps, will resolve Alabama's pending challenge;

WHEREAS, the Federal Defendants have agreed to review and evaluate the Flow Objective Alternative to determine if it can and should be adopted to resolve Alabama's pending challenge.

**NOW THEREFORE**, the Parties agree as follows:

**1) Definitions**

**1.1** The "Pending Appeal" refers to the State of Alabama's appeal pending before the United States Court of Appeals for the Eleventh Circuit, which is docketed as *State of Alabama v. U.S. Army Corps of Engineers, et al.*, No. 21-13104 (11th Cir.).

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*No. 21-13104*

    **1.2**  The "Flow Objective Alternative" refers to the following four water management objectives, considered as a package: (1) an objective to maintain a minimum average daily flow of 1,350 cfs over any 7-day period at the gage located on the Chattahoochee River at 14th Street at Columbus, Georgia (Gage No. 02341460) when the ACF Basin is not in "Drought Zone Operations" as that term is defined in the 2017 ACF Master Manual; (2) an objective to maintain a minimum average weekday flow of 2,000 cfs at the gage located on the Chattahoochee River near Columbia, Alabama (Gage No. 02343801) when the ACF Basin is not in "Drought Zone Operations" as that term is defined in the 2017 ACF Master Manual; (3) an objective to maintain the minimum average flows at Columbus, Georgia and Columbia, Alabama described in items (1) and (2) above, on two days each calendar week starting each Monday when the ACF Basin is in "Drought Zone Operations" as that term is defined in the 2017 ACF Master Manual; and (4) an objective to maintain Lake Seminole at or above an elevation of 76 feet NVGD in the same manner and to the same extent as provided in the 2017 ACF Master Manual, and in particular the following paragraphs from Appendix A, the Water Control Manual for Jim Woodruff Lock and Dam and Lake Seminole: Chapter III, paragraph 3-03; Chapter VII, paragraphs 7-03, 7-05(a), 7-10, and 7-11; and Chapter VIII, Paragraph 8-11 b.. If the Flow Objective Alternative is adopted, the Corps would make data available on its publicly available website from which ascertainment of these objectives can be determined.

    **2)  Review of Flow Objective Alternative**

    **2.1  Motion to Stay Appeal.** Within 10 days of the Effective Date, the Parties shall jointly move the Court to stay the Pending Appeal pending conclusion of the public and environmental review process described in Paragraphs 2) and 3).

    **2.2  Review Process and Public Comment.**

    (a)  Within 14 days of the Effective Date, the Corps shall initiate a process to determine if the Flow Objective Alternative should be adopted and incorporated into the ACF Master Manual.

(b) The review process shall include the following at a minimum: (i) the preparation of a Supplemental Information Report to determine if any additional documentation under the National Environmental Policy Act is required pursuant to 40 C.F.R. § 1502.9(d); (ii) a 30-day public comment period beginning after the Corps has determined whether additional NEPA documentation will be required and coordinated with any comment period associated with such additional NEPA documentation; and (iii) such other procedures as the Corps, after consulting with the Non-Federal Parties, deems necessary to comply with applicable requirements.

(c) Because the Flow Objective Alternative is the product of a mediated agreement, the Parties expressly acknowledge and agree that all four components of the Flow Objective Alternative will be evaluated and considered for adoption together as a single alternative.

**3) Final Decision by the Corps.** The Corps shall within the time frames set forth below issue a Final Decision stating whether the Flow Objective Alternative will be adopted and incorporated into the ACF Master Manual:

**3.1** If the Corps determines under Paragraph 2.2(b) that additional NEPA documentation is not required, the Corps shall appropriately document that determination within 30 days of the close of the last public comment period required under Paragraph 2) above.

**3.2** If the Corps determines under Paragraph 2.2(b) that additional NEPA documentation is required, the Corps shall issue an Environmental Assessment and Finding of No Significant Impact or a Record of Decision in accordance with 40 C.F.R. § 1506.11.

**3.3** If the Corps' Final Decision declines to adopt the Flow Objective Alternative, the Parties will jointly move the Court within 10 days to lift any stay of the Pending Appeal, and this Agreement will otherwise be null and void.

**3.4** If the Corps' Final Decision adopts the Flow Objective Alternative:

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*No. 21-13104*

(a)  Within 1 year after the issuance of a Final Decision by the Corps to adopt the Flow

Objective Alternative, Alabama shall voluntarily dismiss the Pending Appeal pursuant to Federal Rule of

Appellate Procedure 42(b), with all parties to bear their own attorneys' fees and costs and with any costs due

to the Court to be divided equally among the Parties. Provided, however, that if at the end of that 1-year period,

litigation is pending challenging the Corps' adoption of the Flow Objective Alternative, Alabama's obligation

to voluntarily dismiss the Pending Appeal will be stayed until 7 days after the issuance of whatever final, non-

appealable orders are necessary to resolve all such litigation in favor of the Corps' adoption of the Flow

Objective Alternative. If that litigation results in a final and non-appealable order setting aside the Corps'

decision to adopt the Flow Objective Alternative, then the parties will jointly move the Court within 10 days

to lift any stay of the Pending Appeal, and this Agreement will otherwise be null and void.

(b)  No Party will move to alter, amend, or vacate any order, decision, or judgment of the

district court under review in the Pending Appeal, including on grounds that the Pending Appeal became moot

as a result of this Agreement. The Parties further agree to oppose any such motion by any non- Party.

**4) Effective Date.** This Agreement may be executed in counterparts and shall become effective

upon execution by all Parties or their authorized representatives.

**5) Notices.**

**5.1** All notices required to be provided under this Agreement shall be sent to the Parties at the

following addresses unless otherwise agreed to by the parties:

> To the Federal          Michael T. Gray
> Defendants:             Environment and Natural Resources Division
>                         U.S. Department of Justice
>                         Post Office Box 7415
>                         Washington, D.C. 20044
>                         michael.gray2@usdoj.gov

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*No. 21-13104*

| To the State of Alabama: | John C. Neiman, Jr.<br>Brandt P. Hill<br>Maynard, Cooper & Gale, P.C.<br>1901 Sixth Avenue N.<br>Suite 1700<br>Birmingham, AL 35203<br>jneiman@maynardcooper.com<br>bhill@maynardcooper.com |
|---|---|
| To the State of Georgia: | Shelly Jacobs Ellerhorst<br>John C. Allen<br>Kazmarek Mowrey Cloud Laseter LLP<br>1230 Peachtree Street, NE<br>Suite 900<br>Atlanta, Georgia 30309<br>sellerhorst@kmcllaw.com<br>jallen@kmcllaw.com |
| To the Water Supply Providers: | Lewis B. Jones<br>John L. Fortuna<br>Jones Fortuna LP<br>111 New Street, Suite A<br>Decatur, GA 30030<br>ljones@jonesfortuna.com<br>jfortuna@jonesfortuna.com |

**6) Force Majeure.** The possibility exists that circumstances outside the reasonable control of a party could delay its compliance with the timelines, responsibilities, or other expectations contained in this Agreement. On the Federal Defendants' side, such situations include, but are not limited to, a government shutdown or an extreme weather event that prevents Defendants' staff from meeting the timelines, fulfilling the responsibilities, or meeting the expectations contained in provisions to this Agreement. Should a delay occur due to such circumstances, any resulting failure by the Federal Defendants under this Agreement shall not constitute a failure to comply with the terms of this Agreement, and any timelines so affected shall be extended one day for each day of the delay. The party invoking this provision (force majeure) shall provide the opposing party or parties with reasonable notice and explanation for the delay. Any dispute regarding invocation of this provision, or the length of the claimed delay, shall be resolved in accordance with the dispute resolution provision of Paragraph 7) of this Agreement.

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*No. 21-13104*

7) **Dispute Resolution.** If any party believes another party has failed to comply with any provision of this Agreement, the party asserting noncompliance shall provide the other(s) with written notice and the basis for the alleged noncompliance. The Parties shall meet and confer (virtually, telephonically, or in person) to attempt to resolve the dispute within 10 days of such written notice or such time thereafter as is agreed upon by the Parties. If the Parties are unable to resolve the dispute, a party's sole remedy for asserted noncompliance is to move the Court to reactivate the Pending Appeal. Any such motion shall state the positions of the other Parties and whether they intend to file a response to the motion. To the extent any such motion is granted, resumption of active litigation renders any remaining obligations of the Parties under this Agreement null and void. The Parties agree that contempt of Court is not an available remedy for any alleged or actual violation of this Agreement. In the event that the Corps' Final Decision adopts the Flow Objective Alternative, this paragraph will not apply to any disputes concerning the Corps' compliance with the water management objectives identified in the Flow Objective Alternative. Instead, any such disputes would need to be resolved through the mechanisms that are generally applicable to disputes concerning the Corps' actions.

8) **Anti-Deficiency Act.** The Federal Defendants' obligations under this Agreement are subject to the availability of appropriated funds applicable for such purpose. No provision of this Agreement shall be interpreted as, or constitutes, a commitment or requirement that the Federal Defendants are obligated to pay funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or take any action in contravention of any other applicable appropriations law.

9) **Entire Agreement.** This Agreement constitutes the entire agreement of the Parties regarding the issues addressed herein.

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*No. 21-13104*

**AGREED TO BY THE STATE OF ALABAMA, THROUGH THE FOLLOWING AUTHORIZED REPRESENTATIVES:**

Dated: 11/27/23

STEVE MARSHALL
*Attorney General, State of Alabama*

By:

John C. Neiman, Jr.
*Deputy Attorney General*
Maynard Nexsen PC
1901 Sixth Ave. N
Ste. 1700
Birmingham, AL 35203
205.254.1000
jneiman@maynardcooper.com

**APPROVED:**

Dated: 12-6-23

KAY IVEY
*Governor, State of Alabama*

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*No. 21-13104*

**AGREED TO BY THE FEDERAL DEFENDANTS, THROUGH THE FOLLOWING AUTHORIZED REPRESENTATIVE(S):**

_____                     Dated: *November 20, 2023*
Todd Kim
Assistant Attorney General

Michael T. Gray
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
michael.gray2@usdoj.gov

*Counsel for the U.S. Army Corps of Engineers; Christine E. Wormuth, Secretary of the Army, as successor to Robert M. Speer; Michael L. Connor, Assistant Secretary of the Army (Civil Works), as successor to Douglas Lamont; Lt. Gen. Scott A. Spellmon, Chief of Engineers; as successor to Maj. Gen. Todd T. Semonite; Brig. Gen. Jason E. Kelly, Commander, South Atlantic Division, as successor to Brig. Gen. C. David Turner*

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*No. 21-13104*

**AGREED TO BY THE STATE OF GEORGIA, THROUGH THE FOLLOWING AUTHORIZED REPRESENTATIVES:**

_____

CHRISTOPHER M. CARR
*Attorney General, State of Georgia*

Dated: ___12/5/23___

Shelly Jacobs Ellerhorst
John C. Allen
   *Special Assistant Attorneys General*
Kazmarek Mowrey Cloud Laseter LLP
1230 Peachtree Street, NE
Suite 900
Atlanta, Georgia 30309
(404) 812-0839
sellerhorst@kmcllaw.com
jallen@kmcllaw.com

**APPROVED:**

_____

BRIAN P. KEMP
*Governor, State of Georgia*

Dated: ___Dec. 5, 2023___

*State of Alabama, et al. v. U.S. Army Corps of Engineers, et al.*
*No. 21-13104*

**AGREED TO BY THE WATER SUPPLY PROVIDERS, THROUGH THE FOLLOWING
AUTHORIZED REPRESENTATIVE(S):**

Dated: Nov. 27, 2023

Lewis B. Jones
John L. Fortuna
Jones Fortuna LP
111 New Street, Suite A
Decatur, GA 30030
ljones@jonesfortuna.com
jfortuna@jonesfortuna.com

*Counsel for the Atlanta Regional Commission, City of Atlanta, Georgia, Cobb County-Marietta
Water Authority, DeKalb County, Forsyth County, Fulton County, City of Gainesville, Georgia,
and Gwinnett County*